UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JORDAN T. R.,

                     Plaintiff,

                     v.                                No. 2:25-cv-00036-MG-JPH

FRANK BISIGNANO Commissioner of
Social Security,

                     Defendant.

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

On December 6, 2021, Jordan R. applied for social security disability insurance ("SSDI"), alleging disability beginning September 21, 2020. [Filing No. 7-2 at 11.] His claim was denied initially and upon reconsideration. [Filing No. 7-2 at 11.] He then requested review by an administrative law judge ("ALJ"). A telephonic hearing took place on August 16, 2023, and the ALJ issued an unfavorable decision on November 1, 2023. [Filing No. 7-2 at 23, 63.] The Appeals Council denied review of that decision on November 18, 2024. [Filing No. 7-2 at 2.] On January 16, 2025, Plaintiff filed a timely civil action seeking review of his disability determination pursuant to 42 U.S.C. § 405(g). [Filing No. 1.] For the following reasons, the Court **REVERSES** the ALJ's decision denying Plaintiff benefits and **REMANDS** this matter for further consideration.

### I.   BACKGROUND

The ALJ's decision finding Plaintiff not disabled followed the required five-step evaluation process in in 20 C.F.R. § 404.1520. Specifically, the ALJ found:

- At Step One, that Plaintiff "ha[d] not engaged in substantial gainful activity since September 21, 2020, the alleged onset date[.]"

1

- At Step Two, that Plaintiff "ha[d] the following severe impairments: major depressive disorder (MDD); social anxiety disorder; generalized anxiety disorder (GAD); and personality disorder[.]"

- At Step Three, that Plaintiff "d[id] not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]"

- At Step Three but before Step Four, that Plaintiff "ha[d] the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: he is able to understand, carry out, and remember simple instructions; is limited to simple and routine tasks performed in a work environment free of fast-paced production requirements (i.e. no work on an assembly line); is limited to low stress work, which is defined as involving only simple, work-related decisions and routine work place changes; is limited to occasional interaction with co-workers and supervisors; is limited to no transactional interaction with the public, i.e. sales, negotiation, customer service, or resolution of disputes; the work itself should deal with things rather than people throughout a typical workday; and there should be no tandem tasks or teamwork required."

- At Step Four, that Plaintiff was unable to perform any past relevant work.

- And at Step Five, the ALJ concluded Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act, from September 21, 2020, through the date of [the ALJ's] decision," November 1, 2023.

[Filing No. 7-2 at 13–14, 16 –17, 21, 23.]

## II.   LEGAL STANDARD

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standard, and that substantial evidence exists for the ALJ's decision. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103. "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). The Court does "determine whether the ALJ built an 'accurate and logical bridge' between the evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)). In creating a logical bridge, the ALJ must meet the "minimal articulation requirement" when making the decision. *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) ("An ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of

3

reasoning."); *see Zellweger v. Saul*, 984 F.3d 1251, 1252 (7th Cir. 2021) (explaining the court reviews the ALJ's decision holistically).

## III.    DISCUSSION

Plaintiff argues the ALJ erred in two central ways: (1) he did not adequately assess Plaintiff's symptoms pursuant to SSR 16-3p; and (2) he erred in his assessment of Plaintiff's social anxiety and limitations.

The Court begins with Plaintiff's challenge to the ALJ's subjective symptom assessment, specifically as it relates to Plaintiff's fatigue. An ALJ is required to "comply with SSR 16-3p and articulate the reasons for the credibility determination" when evaluating a claimant's credibility. *Karen A. R. v. Saul*, 2019 WL 3369283, at *5 (S.D. Ind. July 26, 2019). SSR 16-3p describes a two-step process for evaluating a claimant's subjective symptoms. First, the ALJ must determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce the individual's alleged symptoms. SSR 16-3p, 2017 WL 5180304, at *3 (S.S.A. Oct. 25, 2017). Second, the ALJ must evaluate the intensity and persistence of a claimant's symptoms, such as pain, and determine the extent to which they limit his ability to perform work-related activities. *Id.* at *3–4. In evaluating the claimant's subjective symptoms, "an ALJ must consider several factors, including the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations, and justify the finding with specific reasons." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) (citations omitted); *see* 20 CFR § 404.1529(c); SSR 16-3p, 2017 WL 5180304. Although an ALJ does not have to believe a claimant's account of their symptoms, they must provide an explanation of why with accompanying citations to the record. *Engstrand v. Colvin*, 788 F.3d 655, 660 (7th Cir. 2015). Only when an ALJ's decision "lacks any explanation or support . . . will [a court] declare it to be 'patently wrong,'" *Elder v. Astrue*, 529

4

F.3d 408, 413–14 (7th Cir. 2008), and "disturb the ALJ's credibility finding," *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).

Plaintiff presented testimony that his fatigue issues could preclude him from finding work. During the hearing, the ALJ asked Plaintiff what his energy level was during the day, and Plaintiff responded that it was low. [Filing No. 7-2 at 53.] The ALJ asked if Plaintiff takes naps during the day, and Plaintiff responded, "Yes, sir, I lay down quite—I'll lay down, I'm guessing, three to four hours out of the day." [Filing No. 7-2 at 53.] Plaintiff reported that he otherwise sleeps twelve hours a day. [Filing No. 7-2 at 54.]

When discussing Plaintiff's limitations with the vocational expert ("VE"), the ALJ posed a series of hypotheticals. The VE testified that a hypothetical claimant of Plaintiff's "age, education and prior work experience, [who is] able to perform work at all exertional levels, able to understand, carry out and remember simple instructions, limited to simple and routine tasks performed in a work environment free of fast-paced production requirements," where the work itself should "deal with things rather than people," *could* find unskilled positions in the national economy. [Filing No. 7-2 at 60–61.] When the ALJ included the condition that the hypothetical individual be off task at least twenty percent of the workday, in addition to the regularly scheduled two fifteen-minute breaks and thirty-to-sixty-minute lunch break, the VE testified that there would be no work for such a claimant. [Filing No. 7-2 at 61.]

In his decision, the ALJ neither discussed Plaintiff's fatigue, nor formulated an RFC that had any reference to Plaintiff's fatigue or the off time it would require. *See* [Filing No. 7-2 at 16–17.] Relevant to the issue of Plaintiff's fatigue, the ALJ noted instances in the record where Plaintiff had high or low energy. [Filing No. 7-2 at 18–19.] The decision does not discuss Plaintiff's

contention that he needs to lie down every day but does mention an instance where Plaintiff had stopped taking Invega due to perceived side effects. [Filing No. 7-2 at 20.]

The Court agrees with Plaintiff that remand is warranted. While the ALJ's questions to the VE demonstrated acknowledgment of Plaintiff's rest requirement, his decision does not discuss why Plaintiff's need of rest was not credible. While the ALJ need not take Plaintiff at his word, he was obligated "to set forth a rationale . . . which he did not do." *Patricia P. v. Kijakazi*, 2022 WL 3357263, at *3 (N.D. Ill. Aug. 15, 2022); *Lashonda M. v. Saul*, 2021 WL 2659596, at *5 (S.D. Ind. June 28, 2021) ("An ALJ is not obligated to accept a Claimant's subjective statements at face value[.]"). This Court, as well as other courts within the Seventh Circuit, have reversed an ALJ's decision where the ALJ failed to discuss the plaintiff's report that they needed to nap daily. *Tammy C. v. Bisignano*, No. 1:25-cv-00233, No. 11 at 5, (S.D. Ind. Feb. 23, 2026); *also see Brazitis v. Astrue*, 2013 WL 140893, at *10 (N.D. Ill. Jan. 11, 2013); *Cuevas v. Barnhart*, 2004 WL 1588277, at *15 (N.D. Ill. July 14, 2004). The ALJ's mention of Plaintiff's side effects and energy level do not set forth an adequate rationale as to why the ALJ found reports of fatigue not credible. While the ALJ addressed Plaintiff's treatment history writ large and noted his improvement, [Filing No. 7-2 at 17–20] (citing *e.g.*, [Filing No. 7-7 at 178]) (describing that Plaintiff was doing well and had no complaints), it is unclear how this specific aspect of Plaintiff's symptoms fits in with the larger symptom analysis.

The Commissioner argues that Plaintiff does not point to medical evidence substantiating Plaintiff's subjective symptoms, and that Plaintiff's subjective symptoms alone are not enough to support added limitations. [Filing No. 13 at 8.] However, Plaintiff did offer relevant evidence. Plaintiff mentioned at the hearing that his medications tended to make him tired. [Filing No. 7-2 at 52.] Plaintiff mentioned similar at a therapy session prior to the hearing. [Filing No. 7-7 at 321.]

6

The ALJ is required to consider the "side effects of any medication an individual takes or has taken to alleviate pain or other symptoms." *Ashley R. v. Kijakazi*, 2022 WL 574984, at \*6 (S.D. Ind. Feb. 25, 2022) (quoting SSR 16-3, 2017 WL 5180304, at \*8). Moreover, it is error for an ALJ to categorically ignore reports of fatigue. *Sherman v. O'Malley*, 2023 WL 8868065, at \*3 (7th Cir. Dec. 22, 2023). In this case, the Plaintiff expressed a symptom related to his severe impairment and its treatment. While the ALJ is free to judge the credibility of that symptom, he needed to be clear how such a determination was made to the extent that a reviewing court can trace his analysis.

The Commissioner also argues that the ALJ was not required to discuss all of the factors utilized in assessing a claimant's subjective symptoms pursuant to SSR 16-3p. [Filing No. 13 at 8.] He points out that SSR 16-3p provides that ALJs need only "discuss the factors pertinent to the evidence of record." [Filing No. 13 at 8] (quoting SSR 16-3p, 2017 WL 5180304, at \*3 (S.S.A. Oct. 25, 2017). Plaintiff's fatigue, however, was pertinent to the evidence of the record, and the absence in the ALJ's discussion is glaring. As the Court has already mentioned, the need to take daily naps has a significant impact on a claimant's ability to do work, one that was explicitly mentioned in Plaintiff's hearing testimony. [Filing 7-2 at 53.] The Commissioner is correct that an ALJ need not explicitly weigh every factor, but the ALJ must nonetheless sufficiently account for the pertinent factors and build an accurate and logical bridge from the evidence to the conclusion. *Schreiber v. Colvin*, 519 F. App'x. 951, 959 (7th Cir. 2013).

"At bottom, the ALJ needed to discuss whether he found Plaintiff's statement believable, and if so, how [his] need to nap daily would impact [his] ability to work." *Tammy C. v. Bisignano*, No. 1:25-cv-00233, No. 11 at 6, (S.D. Ind. Feb. 23, 2026). Because the ALJ failed to address Plaintiff's asserted need to nap daily, the Court is unable to "trace the path of [his] reasoning," and thus, remand is warranted. *See Orr v. Astrue*, 2010 WL 4192831, at \*7 (N.D. Ill. Oct. 18, 2010)

("If a reviewing court can't follow the ALJ's line of reasoning, the Seventh Circuit mandates that the case be remanded, even if the record may support the ALJ's ultimate conclusion."). On this basis, remand is warranted. On remand, the ALJ should clearly build the logical bridge between the subjective symptoms analysis to an RFC that does not contain any limitations based on Plaintiff's fatigue, and specifically his need to take daily naps.

Because the Court is remanding this case, it need not address Plaintiff's remaining arguments, though he may raise those arguments before the ALJ.

## IV.    CONCLUSION

For the reasons detailed herein, the Court **REVERSES** the ALJ's decision denying the Plaintiff benefits and **REMANDS** this matter for further proceedings. Final judgment will issue accordingly.

Date: 3/31/2026

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

To ECF Counsel of Record

8